IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN A. JOHNSON, | : | |
| Petitioner, | : | 1:16-cv-2317 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DAVID J. EBBERT, WARDEN, | : | |
| USP LEWISBURG | : | |
| Respondent. | : | |

**MEMORANDUM**

**November 29, 2016**

Presently before the court is a Petition for Writ of Habeas Corpus pursuant

to 28 U.S.C. § 2241 (Doc. 1), filed by Steven A. Johnson  ("Johnson"), a federal

inmate confined at the United States Penitentiary at Lewisburg ("USP-

Lewisburg"), Pennsylvania.  The Court has conducted preliminary review and, for

the reasons set forth below, dismissal of the petition is warranted.  *See* R.

Governing § 2254 CASES R. 4, 1(b).[1]

**I.    BACKGROUND**

Johnson argues that prison staff at USP-Lewisburg failed to advance him to

Level 3 of the Special Management Unit ("SMU") program as scheduled on

November 1, 2016.  (Doc. 2, p. 2).  He is seeking advancement to Level 3 of the

---

[1]*See* R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court.  *Id.* at R.1(b).

SMU program, and transfer to an "inner regional prison" to complete Levels 3 and 4 in accordance with the SMU program statement.  (*Id.*).

## II.   <u>DISCUSSION</u>

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973).  "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'"  *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).  "Conversely, when the challenge is to a condition of confinement such that a finding in [Petitioner's] favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."  *Leamer*, 288 F.3d at 542

Johnson's petition does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas."  *See Preiser*, 411 U.S. at 484, 498-99.  His challenge to prison staff's failure to advance him within the SMU program is analogous to the "garden variety prison transfer" that should be challenged in a civil rights action, not *via* a habeas petition as it has no bearing on

the validity of his conviction, the execution of his sentence, or on his release date. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005).  His petition challenges the conditions of his confinement and is appropriately brought in a civil rights action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  "Habeas corpus is not an appropriate or available federal remedy."  *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Based on the foregoing, the petition will be dismissed without prejudice to any right Johnson may have to reassert his claim in a properly filed civil rights complaint.

An appropriate order follows.